## No. 10,077.

### CAMPBELL, ET AL. *v.* THE PEOPLE.

Decided October 2, 1922.   No change in opinion on rehearing, December 4, 1922.

Plaintiffs in error were convicted of entering into an unlawful combination in restraint of trade.

## *Affirmed.*

1. CRIMINAL LAW—*Restraint of Trade—Information.* A criminal information charging defendants with entering into a contract in restraint of trade, under the provisions of chapter 161, S. L. 1913, considered and held sufficient.

2. TRUSTS—*Contract in Restraint of Trade.* An agreement of members of a plumbers' association, and a local labor union, that they should neither employ nor be employed by anyone except each other, held to be a restriction of the business of plumbing under the provisions of chapter 161, S. L. 1913, and illegal.

   Further held not to be a contract in respect to labor alone, so as to be within the terms of the proviso of the fifth division of section 1, of said act.

3. CRIMINAL LAW—*Evidence—Contract in Restraint of Trade.* Contract between defendants charged with forming a combination in restraint of trade, which tended to prove the combination, held admissible in evidence, regardless of whether it was valid or not.

4. *Accomplice—Evidence—Instructions.* The refusal of a requested instruction in a criminal case, regarding the weight to be given the testimony of an accomplice, will not justify a reversal, where the evidence as to what defendants did, was practically undisputed.

*Error to the District Court of El Paso County, Hon. J. W. Sheafor, Judge.*

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error were convicted under chapter 161 of the Session Laws of 1913, defining and prohibiting trusts. Section 1 contains the following:

"Section 1. A trust is a combination of capital, skill or acts, by two or more persons, firms, corporations, or associations of persons, or by any two or more of them, for either, any or all of the following purposes:

First. To create or carry out restrictions in trade or commerce, or aids to commerce, or to *carry out restrictions in the full and free pursuit of any business* authorized or permitted by the laws of this state.

Second. To increase or reduce the price of * * * commodities."

"Fifth. * * * And all such combinations are hereby declared to be against public policy, unlawful and void; * * * and provided further, that labor, whether skilled or unskilled, is not a commodity within the meaning of this act."

The indictment was in two counts. The first count charged:

"That the defendants and each of them, made and entered into a contract effective after July 1, 1916, whereby all members of an organization known as The Colorado Springs Master Plumbers Association could thereafter employ none but members in good standing of U. A. Local Union, Number 58, of the City of Colorado Springs, and members of said Union could work in the City of Colorado Springs in said County for none but members in good standing of said The Master Plumbers Association, * * *."

The second count charged that the defendants "* * * wilfully and unlawfully combine to carry out restrictions

in the full, free pursuit of the trade and business of plumbing and gas fitting in the City of Colorado Springs in said County, in this, that the defendants and each of them entered into a contract effective after July 1, 1916, whereby they and all members of an organization known as The Master Plumbers Association and all members of an organization known as the U. A. Local Union Number 58 of the City of Colorado Springs, agreed that in said trade and business not more than two members of any firm would be allowed to work with tools, and no two members of the same firm would be allowed to work with tools on any job at the same time, * * *."

1. It is said that this indictment was insufficient. Our statute provides, (R. S. 1908, § 1950) that every indictment shall be deemed sufficiently correct "which states the offense * * * so plainly that the nature of the offense may be easily understood by the jury," and § 1956 provides that no writ of error shall be sustained "for any matter not affecting the real merits of the offense charged in such indictment."

These provisions of the statute are too often overlooked. There is no possibility that the jury did not understand the offense charged. The indictment is commendable for its brevity and clearness.

But two points raised against this indictment touch the merits of the case: First, it is claimed that the indictment does not show an offense because it does not show how the combination there charged was a restriction in the full and free pursuit of the plumbers' trade or that it was unreasonable or an unreasonable restraint of trade or competition under the principle laid down in the Standard Oil case 221 U. S. 1, 63-70, 31 Sup. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734, and, second, that since the combination charged in the indictment relates solely to labor it is not within the scope of the statute but is expressly excepted by the clause referring to labor which is quoted above.

As to the first point, the only question under the first

count is whether the agreement of the members of the Master Plumbers' Association and the members of the local union that they should neither employ nor be employed by any one except each other was a restriction on "The full and free pursuit" of the business of plumbing. If the pursuit of the business is, by reason of the restriction, not full, or not free in any respect, the combination to "create or carry out" the restriction is unlawful. That the business, under the restriction, is not full or free seems, clear.

Following the "rule of reason" as defined in the opinion in the Standard Oil case, 221 U. S. pp. 63-70, the only thing we must or may determine is whether the combination charged in the indictment is within the reason and intent of the statute, which is no more or less than is true of every interpretation of every statute.

The reason and intent of the statute now in question is shown in *Burns v. Wray Farmers' Grain Company,* 65 Colo. 425, 176 Pac. 487, 11 A. L. R. 1179. That case involved a by-law of the plaintiff company whereby each of its members was to pay the company one cent for every bushel of grain sold in Wray to any one other than the company. This was held an unlawful restriction of the pursuit of the business of dealing in grain because it put all purchasers other than the plaintiff company at a disadvantage and thus restricted competition. The contract now before us is equally bad since it puts all non-members of the Master Plumbers Association at a like disadvantage. Its purpose and intent must be learned from its obvious and natural tendency, which would be to put everybody not a member of that association out of the business of plumbing and thus achieve a monopoly; i. e. its "nature and character" is such that it is "conclusively presumed to be within the statute." 221 U. S. 65.

The second point is seen to be of no force when we observe that the monopoly which would be created by the complete success of the combination which is charged would be a monopoly in the business of plumbing. The agreement then is not a contract in respect to labor alone

nor does its intent relate to labor alone, but it aims, through a contract in regard to labor, to control the business of plumbing in Colorado Springs. We do not agree that the sole purpose of the act was to prevent the restriction of dealing in commodities but think that it was also to prevent the restriction of competition and the attainment of the control of a business, i. e., monopoly.

To state it another way: The clause stating that labor shall not be considered a commodity, when the whole statute is read, is seen to relate only to those subdivisions of section 1, which refer to commodities, e. g., subdivision second, quoted above. The clause, therefore, does not except contracts relating to labor from the prohibition of subdivision first of section 1.

What we have said about the first count applies equally to the second.

That no more than two members of a firm of master plumbers should be allowed to use tools and no two of one firm on the same job at the same time is a restriction on the full and free pursuit of the business of plumbing. *People v. Chicago Live Stock Exchange,* 170 Ill. 556, 48 N. E. 1062, 39 L. R. A. 373, 62 Am. St. Rep. 404.

The indictment is good.

2.  The admission in evidence of the contract mentioned in the indictment was objected to on the ground that it did not appear to be properly executed, but the objection was not good because the issue was combination to restrict business or not, and the instrument tended to prove a combination to restrict business whether it was, in other respects, valid or not.

3.  The witness Argust, defendants claim, was an accomplice, and the court refused an instruction that his testimony should be distrusted; the evidence, however, of what the defendant did is ample and indeed practically undisputed; the refusal, therefore, of such an instruction will not justify a reversal. *Wilkins v. People,* 72 Colo. 157, 209 Pac. 1047. *Solander v. People,* 2 Colo. 48, 68. See also 1 Wigmore on Evidence, § 21.

Some other instructions were refused but the questions raised by them are the same as those in regard to the indictment.

Judgment affirmed.