No. 10,078.

JOHNSON *v.* THE PEOPLE.

Decided October 2, 1922.  No change in opinion on rehearing, December 4, 1922.

Plaintiff in error was convicted of entering into an unlawful combination in restraint of trade.

*Affirmed.*

1.  ADJUDICATED QUESTIONS—*Trusts—Unlawful Combination.*  Some of the questions involved herein, are determined in Campbell v. People, 72 Colo. 213.

2.  CRIMINAL LAW—*Combination in Restraint of Trade—Information.*  Information charging defendant with entering into an unlawful combination in violation of the terms of chapter 161, S. L. 1913, considered, and the contention that each count thereof charges two offenses, overruled.

3.    *Combination in Restraint of Trade—Labor.*  Under the provisions of chapter 161, S. L. 1913, concerning trusts, it is held to be unlawful to control the price of any commodity by means of the control of the price of labor.  This holding not to be construed as preventing laborers from combining to obtain better wages.

*Error to the District Court of El Paso County, Hon. J. E. Little, Judge.*

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was convicted of unlawful combination under chapter 161, S. L. 1913. All the points now made except one are substantially determined against him in *Campbell, et al. v. People,* 72 Colo. 213, 210 Pac. 841 decided at this term. That opinion should be read with this.

The indictment was as follows:

First count. That defendants did "* * * wilfully and unlawfully make and carry out a certain contract and agreement by which they and each of them agreed to so pool, combine and unite their interests in the trade and business of' electrical contracting and electric supplies, that the price of articles, materials and commodities used in connection with said trade and business, and the price of the installation of the same were thereby increased and a standard of figures established whereby the price to the public of such articles, materials and commodities and the installation thereof was controlled and established, * * *."

Second count. That said defendants did "* * * wilfully and unlawfully so pool, combine and unite their interests in the trade and business of electrical contracting and electric supplies, that the price of articles, materials and commodities used in connection with said trade and business, and the price of the installation of the same were thereby increased and the standard of figures established whereby the price to the public of such articles, materials and commodities and the installation thereof was controlled and established * * *."

The new point in this case is that each count of the indictment charges two offenses, one a combination to increase the price of commodities and the other to increase

the price of the installation thereof; that the installation was labor, excepted from the terms of the statute by the clause quoted below (see *Campbell, et al. v. People*), and so combination as to installation was lawful; and that, since the verdict was general and the combination as to installation was lawful, the conviction was unlawful, because it included a conviction for a lawful act and must be set aside under *Noble v. People*, 67 Colo. 429, 180 Pac. 562.

We cannot agree with this argument. The fourth subdivision of section 1 forbids a combination, "to fix any standard of figures, whereby the price to the public of any article or commodity of merchandise, produce or commerce intended for sale, use or consumption in this state shall, in any manner, be controlled or established."

It is clear that the indictment was drawn under this subdivision. Since electric apparatus is usually sold with installation, to control the price of the installation would be to practically control the price of the apparatus and to defeat the law. It follows that the control of the price of installation in such a way as to control the price of the goods is unlawful unless the statute somewhere permits it.

The fifth subdivision contains the following: "And provided further that labor, whether skilled or unskilled, is not a commodity within the meaning of this act."

What is there in the provision that labor is not to be considered a commodity which authorizes the control of the price of a commodity through the control of the labor to be bestowed upon it in its sale?

While labor is not a commodity under this act yet electric apparatus is. The control of the commodity price is forbidden and any sort of combination to control or establish its price is unlawful. It is unlawful, then, to control the price of electric apparatus by means of the control of the price of labor, and so holding we do not treat labor as a commodity. It cannot be said, therefore, that the control of the price of installation is permissible under the statute. *Hunt v. Riverside Co-op. Club*, 140 Mich. 538, 104 N. W. 40, 112 Am. St. Rep. 420. This is true even though we

assume (what we do not decide) that contractors for labor to be performed by others may combine to control the price which they shall receive for such labor. Even if they may, yet they may not do it in such a way as to control the price of a commodity. If they should, it would, though in itself lawful, be a mere step in an unlawful enterprise and so unlawful. *Hunt v. Riverside Co-op. Club*, 140 Mich. 538, 543, 547.

There is nothing in what we say or decide here to prevent laborers, skilled or unskilled, from combining to get better wages.

Judgment affirmed.