No. 10,422.

McConnell *v.* The People.

Decided February 5, 1923.   Rehearing denied April 2, 1923.

Plaintiff in error was convicted of a second offense against the prohibition act.

*Affirmed.*

1.   CRIMINAL LAW—*Intoxicating Liquor—Statutes—Penalty.*   Prohibition statutes of 1915, 1917 and 1919 discussed and the latter, so far as applicable to the case under consideration, held to be amendatory of the former laws, and the penalty for transportation of intoxicating liquors not abolished.

2.   STATUTES—*Repeal—Re-enactment.*   Upon repeal and contemporaneous re-enactment of a statute, it will be considered as having been continuously in force.

3.  CRIMINAL LAW—*Intoxicating Liquors—Second Offense—Statute Construed.* "Second offense" as used in the prohibition statutes, means a second violation of the act, not of the same section or part thereof.

4.  *Information.* A criminal information which charges an unlawful and felonious violation of the prohibition statute in language easily understood by a jury, is sufficient.

5.  *Intoxicating Liquors—Intent—Evidence of Similar Acts.* Evidence that the accused, in a prosecution for transporting intoxicating liquor, had participated in similar transactions before the one for which he was tried, held proper to show guilty knowledge, intent or design, where he contended he did not know what he was transporting.

6.  INSTRUCTIONS—*Intent.* Instruction on intent in a criminal prosecution for transporting intoxicating liquors, held sufficient and not misleading.

*Error to the District Court of El Paso County, Hon. J. W. Sheafor, Judge.*

Mr. C. B. HORN, Mr. E. D. PRESTON, Mr. T. I. PURCELL, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. GEORGE A. CARLSON, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

M'CONNELL was convicted of a second violation of the liquor law, S. L. 1915, Ch. 98, as amended in 1917 and 1919.

The information set forth a previous conviction, under the Act of 1915 as amended by the Act of 1917 and as amended by the act of 1919, and then charged that McConnell on the 13th of May, 1922, transported intoxicating liquor within the state of Colorado.

The only points we deem it necessary to notice are as follows:

1.  The act of 1915, by §§ 7 and 8 forbids the transportation of intoxicating liquor within the state.  S. L.

1917 ch. 82, substitutes its sections 1 and 2 for said sections 7 and 8. The initiated act of 1919, ch. 141, expressly repeals said sections 1 and 2, and enacts its section 2 with substantially the same provisions on the same subject; but, says plaintiff in error, not as an amendment but as original legislation, and with no penalty; therefore, he argues, since the act of 1915 provides a penalty but no prohibition the prohibitory sections having been repealed, a charge of a violation of that act by transportation charges nothing, and since the act of 1919 prohibits but provides no penalty, transportation cannot be a punishable crime under that act, consequently the information charges nothing. We think, however, that the manifest intent of the act of 1919 is amendment, not original legislation. *United States v. Jessup,* 15 Fed. 790, 793; *Callahan v. Jennings,* 16 Colo. 471, 27 Pac. 1055; *Braisted v. People,* 38 Colo. 49, 52, 88 Pac. 150. We have held that upon repeal and contemporaneous re-enactment of a statute, it will be considered as having been continuously in force. *Callahan v. Jennings, supra.* The judges of this court have still too much sense of humor to say that the initiated act of 1919 was intended to do away with all penalty for transportation of intoxicating liquor.

2. It is urged that the plaintiff in error was wrongly convicted of a second offense, because the former offense was sale while this was transportation of liquor and that they are different offenses, denounced as such by different sections of the statute.

Section 22 of the act of 1915 reads:

"Any person  *  *  *  who shall violate any of the provisions of this act  *  *  *  shall for the first offense  *  *  *  be punished by a fine  *  *  *  or by imprisonment in the county jail  *  *  *. Every second and subsequent offense, committed within five years of the first  *  *  *  shall be deemed a felony  *  *  *," and be punished by imprisonment in the penitentiary.

Counsel cite *State v. Maltais,* 75 N. H. 248, 72 Atl. 1023, but the statute there under consideration referred

only to a second violation of the same section. That case, then, does not help us. It is clear, however, that a second offense here means a second violation of the act, not of the same section or part of the act. *Kelly v. People,* 115 Ill. 583, 4 N. E. 644, 56 Am. Rep. 184; *Commonwealth v. Marchand,* 155 Mass. 8, 29 N. E. 578; *People v. Raymond,* 96 N. Y. 38; *State v. Briggs,* 94 Kan. 92, 145 Pac. 866; 16 C. J., 1341.

3. Plaintiff in error complains that the information does not charge that the accused knowingly and wilfully committed the offense. The information could "be easily understood by the jury" and that is enough. R. S. 1908, § 1950. And since the information charges the act as "unlawfully and feloniously" done, the objection does not affect the real merits. R. S. 1908, § 1956. *Campbell v. People,* 72 Colo. 213, 210 Pac. 841.

4. One Willy was allowed to testify for the People that he had some time before the acts in question been employed by the accused to carry intoxicating liquor. It is claimed that this was error. In view of the testimony drawn out by the cross-examination of the witness Wyatt that the defendant did not know what was in the truck, and of the present claim of his counsel that he was thus ignorant, the evidence of Willy was relevant and competent. The case is an exact analogy to the leading cases on this point where the prisoner, accused of selling bogus jewels or other things, claims he did not know they were false. The evidence that he has sold other false articles is held to be proper to show guilty knowledge, intent or design. Wig. Ev., § 300 et seq. Colorado has followed these decisions. *Elliott v. People,* 56 Colo. 236, 242, 138 Pac. 39; *Housh v. People,* 24 Colo. 262, 50 Pac. 1036; *Warford v. People,* 43 Colo. 107, 90 Pac. 556; *Castner v. People,* 67 Colo. 327, 184 Pac. 387; *Bush v. People,* 68 Colo. 75, 187 Pac. 528.

It is claimed that the court in holding the information good, determined that intent was immaterial and that therefore the evidence of Willy was irrelevant; but defend-

ant's knowledge was material, for the reasons we have shown, and therefore Willy's testimony was relevant. It does not matter what the court's reasons were for holding the information good; it was good for the reasons stated above.

5. It is claimed that instruction No. 6 was erroneous. It was that Willy's evidence—

"Was offered and received not for the purpose of convicting the said defendant of those other offenses but for the purpose of showing only the intent, plan or design of the defendant and for such bearing as it may have in that way upon the guilt or innocence of the defendant of the charge made in the information. The defendant can only be convicted, if at all, of the offense charged in the information and no other."

The usual and better way to state the point is that the evidence is competent to show "knowledge, intent or design." In this case the court did not use the word "knowledge" but the jury could not have been misled. The question of intent, that is, whether defendant intentionally carried liquor, depended on whether he knew he was carrying it.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.