No. 10,289.

THE PEOPLE *v.* APOSTOLOS, ET AL.

No. 10,290.

THE PEOPLE *v.* CRISSEY & FOWLER LUMBER COMPANY, ET AL.

Decided March 5, 1923.

Error by the people to review a ruling of the trial court quashing a criminal information.

*Granting of the Motion to Quash, Held Error.*

1.  CRIMINAL LAW—*Indictment—Sufficiency.* An indictment is good, if from it the nature of the crime charged may be readily understood by the jury.

2.      *Indictment—Provisos.* Provisos are not a part of the definition of a crime, and it is not necessary to notice them in an indictment.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, Mr. JOHN A. CARRUTHERS, Mr. T. C. TURNER, Mr. WILLIS L. STRACHAN, for the people.

No appearance for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

CERTAIN persons were indicted under the so-called anti-trust act, chapter 161, S. L. 1913. A motion to quash was sustained and the people bring the case here for review under R. S. 1908, § 1997. It will suffice to consider one count of one indictment. It alleges that the accused,

"Did then and there wilfully and unlawfully combine to increase the price of certain merchandise and commodities in the city of Colorado Springs, to-wit, the price of shoe repairs, sole leather and other commodities used in the making and repairing of shoes." * * *

The statute provides that "a trust is a combination * * * to increase or reduce the price of merchandise * * * or commodities," or to do any of certain other defined acts, and then proceeds as follows:

"And all such combinations are hereby declared to be against public policy, unlawful and void; *provided* that no agreement or association shall be deemed to be unlawful or within the provisions of this act, the object and purposes of which are to conduct operations at a reasonable

profit or to market at a reasonable profit those products which cannot otherwise be so marketed; *provided further* that it shall not be deemed to be unlawful, or within the provisions of this act, for persons, firms, or corporations engaged in the business of selling or manufacturing commodities of a similar or like character to employ, form, organize or own any interest in any association, firm or corporation having as its object or purpose the transportation, marketing or delivering of such commodities; and provided further that labor, whether skilled or unskilled, is not a commodity within the meaning of this act."

The objection to the indictment according to the brief before us was that it did not negative the provisos. The Attorney General's brief is not answered, so we are compelled to conjecture what other objection there might have been, but we perceive no other that would be valid. Nor is that objection sound. An indictment is good if from it the nature of the crime may be readily understood by the jury. *Campbell v. People,* 72 Colo. 213, 210 Pac. 841, *Johnson v. People,* 72 Colo. 218, 210 Pac. 843, *Tracy v. People,* 65 Colo. 226, 176 Pac. 280, and cases there cited. The provisos are not a part of the definition of the crime, but exceptions thereto, and it is not necessary to notice them in the indictment. *Packer v. People,* 26 Colo. 306, 57 Pac. 1087; *Hill v. People,* 1 Colo. 453; *Kent v. People,* 8 Colo. 563, 583-4, 9 Pac. 852; *Harding v. People,* 10 Colo. 387, 394, 15 Pac. 727; *Smith v. People,* 51 Colo. 270, 277, 117 Pac. 612, 36 L. R. A. (N. S.) 158; *Stoltz v. People,* 59 Colo. 342, 148 Pac. 865.

The granting of the motion to quash was error.

MR. CHIEF JUSTICE TELLER, MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR, not participating.