## No. 10,306.

VALLEY LANDS AND INVESTMENT COMPANY *v.* KILLEAN.

Decided July 7, 1924.   Rehearing Denied November 10, 1924.

Action for the cancellation of a contract for the purchase of land.  Decree for plaintiff.

### *Affirmed.*

1. EVIDENCE—*Agency—False Representations.*  In an action for the cancellation of a contract on the ground of fraud, the contention that evidence of false representations was improperly admitted, because the party making them was not an agent of the defendant corporation, overruled, there being evidence that he was an agent, and some of his representations being made in the presence of the president of the company.

2. CONTINUANCE—*Motion Denied.*  Under the facts disclosed by the record, it is held that there was no abuse of discretion on the part of the trial court in denying a motion for continuance.

3. APPEAL AND ERROR—*Fact Findings.*  Findings of the trial court based on conflicting evidence, will not be disturbed on review.

4. *Findings—Sufficiency of Evidence.*  The contention that the evidence does not support the findings of the trial court, overruled.

· *Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN R. SMITH, Mr. L. E. KENWORTHY, for plaintiff in error.

Mr. BOSWELL F. REED, Mr. ROBERT W. STEELE, JR., for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

KILLEAN, upon trial to the court, had a decree against the Valley Lands and Investment Company cancelling a contract for the purchase by him from that company of certain water rights in Mesa and Delta counties. The company brings error.

As ground for cancellation the bill alleged that in 1916, L. E. Kenworthy, president of the company, and one Stoltz, both agents of the company, falsely represented to the ' plaintiff that the irrigation project or system of which the rights in question were a part included valuable water rights and an available water supply ample and sufficient for the irrigation of many thousand acres; that a large portion of such available rights was then the property of defendants; that the system then included, and was composed of, numerous valuable ditches, canals, reservoirs, franchises, etc.; that certain land, describing it, was land the title to which they held and controlled and could transfer to plaintiff, and that all of the ditches and reservoirs were practically completed, so that water could be stored, carried and delivered at said land and adjoining land which he could procure from the United States, so that he could cultivate it in the following spring, 1917; that plaintiff was induced to sign the contract by these representations which were false in various particulars which are set out. It is enough, however, for us to consider but one, viz.: that there was no available water supply because the ditches and reservoirs had never been completed and such

as had been were out of repair, so that no water could be and no water ever had been delivered through them. Upon trial there was evidence showing these representations and conditions.

1.   Plaintiff in error claims that the court erred in admitting evidence of representations by Stoltz because he was not its agent but only held an option on certain of its water rights.   One answer to this claim is that there is evidence tending to show him to be an agent; e. g., that he co-operated with Kenworthy in the representation; also that the contract is with the company, not with him and that some of the representations made by him and Kenworthy were made in the presence of each other.

2.   It is claimed that a motion for continuance was erroneously denied.   This motion was made, without previous notice to plaintiff, on the day of, and immediately before the trial, on the ground of the absence of the witness Stoltz. It was shown by affidavit that a subpoena was issued "several days" before trial and that the sheriff could not find Stoltz; but Stoltz was a resident of Denver, where the trial was had, no subpoena or return is shown in the record. No reason is given why the motion was not made sooner, and the trial took place three and one-half years after the action was begun and one year after the case was at issue. The court might have been justified in granting a continuance but we cannot say it was an abuse of discretion to deny it.

3.   It is claimed that plaintiff waived the fraud in that, with full knowledge of the falsity of the representations, he elected to stand by the contract by offering to go on with the purchase of the water rights and use them on lands substituted for those which, it developed, could not be obtained for him, and that he did not rely on the representations, but went to the lands and water system and examined them for himself.   Upon these points the evidence is in conflict.   The court has found for plaintiff.

4.   The same answer may be made to the fourth claim of plaintiff in error that the evidence does not support the

finding. Upon these points we have examined not the abstracts alone but a large part of the record and exhibits.
Judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.