## No. 11,114.

ATKINSON, ET AL. *v.* COLORADO WHEAT GROWERS ASSOCIATION, ET AL.

Decided June 22, 1925. Rehearing denied September 8, 1925.

Action to cancel contracts. Judgment for defendants.

*Reversed.*

1.   CONTRACTS—*In Restraint of Trade.* Contracts between members of a marketing association and the association to the effect that they would sell wheat only to the association and pay it 25 cents a bushel for all wheat sold to any one else, held against public policy and void.

2.   *In Restraint of Trade—Statutes.* A statute which makes contracts for co-operative marketing legal, in so far as it purports to legalize such contracts entered into before the passage of the act, is retrospective, retroactive and void.

3.   CONSTITUTIONAL LAW—*Retroactive Statutes.* Chapter 143, S. L. '23 legalizing contracts made prior to its enactment, is not remedial so as not to come within the constitutional prohibition against retroactive legislation, since it concerns substantive law and not remedies.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Mr. AVERY T. SEARLE, Messrs. COEN & SAUTER, for plaintiffs in error.

Mr. T. E. MUNSON for defendants in error.

Mr. T. H. Hood, amicus curiae.

*En banc.*

Mr. Justice Denison delivered the opinion of the court.

A GENERAL demurrer to the complaint of the plaintiffs in error was sustained, they stood by their complaint, judgment went against them and they bring error. They were farmers who had joined the defendant, the Colorado Wheat Growers Association, had become dissatisfied with the management and with their contracts with that body, and so brought this suit to cancel them.

One of the grounds on which they based their action was that the contracts were void because in restraint of competition. We think that point well taken.

The articles of the defendant corporation state that, among other things, it is formed "to promote, foster and encourage the business of marketing wheat co-operatively; to minimize speculation and waste in the production and marketing of wheat, to stabilize wheat markets; to handle co-operatively and collectively the problems of wheat growers * * * all this operation shall be for the mutual benefit of its members only and shall be co-operative in character." Each of the plaintiffs became a member of the association and entered into a contract with it which provided, among other things, in effect, that he would sell his wheat to the association, and to no one else, and would pay the association 25 cents per bushel for all he sold to anybody else as liquidated damages for his breach of contract.

That such contracts are against public policy and void is held by the great weight of authority and, until recently, almost universally. This state has so held. *Burns v. Wray Co.,* 65 Colo. 425, 176 Pac. 487; *Campbell v. People,* 72 Colo. 213, 210 Pac. 841; *Johnson v. People,* 72 Colo. 218, 210 Pac. 843. The part of the contract in *Burns v. Wray Co., supra,* which seemed to us most important, was the

discrimination of one cent per bushel in favor of the Wray Company against all other purchasers. The present contract makes a similar discrimination of 25 cents. The purpose of such a provision must be determined by its natural and obvious effect (*Campbell v. People, supra,* p. 216), which is to permit the present company to control the price of wheat, a necessity of life. It is claimed that the Wray Company was organized for profit and the present company not, and that this constituted an essential difference, but it is clear from the by-laws and the contracts that although it has no capital stock and can declare no dividends, yet the company shares its profits among its members and the profit of its members is the principal if not the sole purpose of its operations. It is said contracts in restraint of competition are not unlawful unless unreasonable or harmful to the public, and it is claimed that the present contracts are not harmful but beneficial, but we cannot see that they are less harmful or more beneficent in their tendency than was that in *Burns v. Wray Company.* If control of the wheat market is beneficent then the present contract is more so than the other, but if harmful it is more harmful. But we have held in the above cited cases that it was harmful as a matter of law. The claim of reasonableness, therefore, cannot control us. All these contracts antedated the Act of 1923, c. 142, which authorizes such agreements. It cannot be said, then, that such a contract as the present was lawful when made. The Act of 1923 not only in terms makes such contracts lawful but purports to legalize all previous contracts of that sort; that portion of it, however, is retrospective and retroactive and cannot be sustained. Any party who chose could repudiate the contract before the act; then to make it hold him now is holding him to a contract he did not make.

The defendant in error seems to claim that the statute in question is a remedial statute and so not within the inhibition of the Constitution against retrospective laws and cites *Edelstein v. Carlile,* 33 Colo. 54, 78 Pac. 680, but

the word remedial as there used refers to statutes affecting the law of remedies as distinguished from the substantive law. The statute in question concerns substantive law.

These considerations make it unnecessary to discuss the other matters mentioned in the briefs.

The judgment is reversed with directions to overrule the demurrer.

MR. JUSTICE CAMPBELL did not participate.

MR. JUSTICE BURKE specially concurring.

It will be noted that this court, in the Burns Case, reversed a ruling which I made on the district bench. On the question of public policy as applied to such contracts I personally hold the same views as when I made that ruling. However, this court's decision in the Burns Case settled the law on that point in Colorado hence I concur in the present opinion.