No. 11,174.

## MAX v. THE PEOPLE.

Decided October 19, 1925. Rehearing denied November 9, 1925.

Plaintiff in error was convicted of murder of the second degree.

### Affirmed.

1. CRIMINAL LAW—*Evidence—Independent Crimes.* While the general rule is that evidence of independent crimes is inadmissible in criminal cases, one of the recognized exceptions is that such evidence may be admitted to show intent.

2. *Statutes—Exceptions.* While in Colorado the state is not required to negative exceptions embodied in criminal statutes, it is not error for the people to do so either in charge or proof.

3. *Evidence—Independent Crimes.* Generally, testimony concerning independent crimes is inadmissible in evidence, but an exception is recognized where the plan or design of the accused is material because the specific act charged is a part of such plan or design, and proof of the latter has a strong tendency to establish the former.

4. *Evidence—Memoranda.* As a general rule, memoranda of facts to which a witness testifies are inadmissible in evidence, but an exception is recognized when such memoranda form a part of a transaction which they tend to characterize and explain and thus become a part of the res gestae.

5. *Evidence—Declarations.* In a prosecution for murder based on a criminal abortion, ante-mortem statements of deceased concerning the preparation for and purpose of the operation, are admissible in evidence.

6. *Abortion—Evidence.* In a prosecution for murder based on a criminal abortion, evidence that defendant's license to practice as a physician and surgeon had been revoked, and that thereafter he maintained an office equipped with surgical instruments used in procuring abortions, was admissible under the facts disclosed by the record.

7. *Evidence—Admissibility.* The overruling of an objection, that evidence offered generally is immaterial, irrelevant and in-

competent, does not constitute error if it is admissible for any purpose.

*Error to the District Court of the City and County of Denver, Hon. George H. Bradfield, Judge.*

Mr. GEORGE P. STEELE, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to the penitentiary for a term of not less than twenty nor more than thirty years, on a verdict of guilty of second degree murder committed by performing an abortion which caused the death of Margaret Watkins. To reverse that judgment he prosecutes this writ and rests his case here on the alleged erroneous admission of certain evidence.

In 1906 defendant was licensed to practice medicine in Colorado. That license was revoked in 1918, on a charge of abortion, and not thereafter restored. In the summer of 1924 defendant was maintaining an office in the city and county of Denver, equipped with medical and surgical appliances and instruments, where on June 12 he performed an abortion on one Mrs. L. E. Fetter. June 22d, by prearrangement, Margaret Watkins went to that office and defendant performed an abortion upon her from the effects of which she there presently died. Three days thereafter the information herein was filed. In preparing to meet the charge defendant employed one Losey to interview witnesses, intimidate some who were adverse, circulate rumors and reports, "plant" certain evidence in the dead girl's room, and give false testimony on the trial.

In the course of that employment Losey kept certain memoranda relating to defendant's instructions to him, his execution thereof, and his reports thereon. Some of his activities coming to the knowledge of the people he was arrested on September 17th as he was coming out of defendant's office and said memoranda were taken from him. On the trial he appeared as a witness for the people. Defendant offered no evidence.

The Fetter abortion was testified to by Mrs. Fetter's husband and that evidence was, by specific instruction, limited to proof of defendant's "intent, design or purpose"; Losey's memoranda were admitted in evidence as a part of his examination; Mrs. Ferganchick testified to statements made to her by Margaret Watkins concerning arrangements for the operation, and the secretary of the state board of medical exameners testified as to the revocation of defendant's license. The admission of these four classes of evidence, over defendant's objection, constitute the errors assigned and argued and which it becomes necessary now to examine.

1. The general rule is that evidence of independent crimes is inadmissible. To that rule there are certain well recognized exceptions, one of which is that such evidence is admissible to show intent. 1 Wigmore on Evidence c. XII, § 302, p. 611, and section 359, p. 667.

Defendant insists that the present instance is governed by the general rule while the people contend that it falls within said exception. The statute under which defendant was convicted reads in part: "Every person  *  *  * who shall use  *  *  *  any instrument  *  *  *  with the intention to procure the miscarriage of any woman  *  *  *  shall  *  *  *  if any woman by reason of such treatment shall die  *  *  *  be deemed guilty of murder,  *  *  *  unless it appear that such miscarriage was procured or attempted by or under advice of a physician or surgeon with intent to save the life of such woman or to prevent serious and permanent bodily injury to her." Section 6687, C. L. 1921.

Counsel for defendant admits that the Fetter testimony would have been admissible to prove intent save for the rule in this state that exceptions in a criminal statute need not be negatived, but says that where such rule exists such evidence is inadmissible. In support of that position he cites *Johnson v. People,* 33 Colo. 224, 230, 80 Pac. 133, 108 Am. St. Rep. 85; *Fitch v. People,* 45 Colo. 298, 100 Pac. 1132, and *Dockerty v. People,* 74 Colo. 113, 219 Pac. 220. The Johnson case simply holds that the indictment or information need not negative the exceptions. The Fitch case holds that the failure of the people in their case in chief to negative the exceptions is not error. The Dockerty case is not in point because the offense there charged was that of taking indecent liberties with a child and intent was not an issue. In applying these Colorado cases counsel assumes that it must be error to charge or prove because failure to do so is not error. We know of no such rule. The mere fact that the people are not required to negative the exceptions does not make it error for them to do so, either in the charge or the proof. Hence the admission of the Fetter testimony was proper to prove intent. Underhill on Criminal Evidence (2d Ed.) § 345, p. 602.

Another exception to the general rule is recognized where the plan or design of the accused is material because the specific act charged is a part of such plan or design and the proof of the latter has a strong tendency to establish the former. 1 Wigmore on Evidence c. XII, § 304, p. 617, and section 359, p. 667.

This defendant was charged with abortion, an offense ordinarily committed by one having some skill in certain branches of surgery. He had been admitted to practice, and had practiced, medicine and surgery, and presumably had the required skill. His license had been revoked for the very offense here charged. Years afterward we find him still in the city, maintaining an office with equipment for practice and especially equipped to perform abortions, and but a few days before the date alleged in the informa-

tion we find him committing the same kind of crime. We think the instant case thus clearly comes within the exception which permits the proof of other offenses to show plan or design. 16 C. J. § 1143, p. 592.

2. Under the general rule mere memoranda are inadmissible. 2 Wigmore on Evidence, § 763, p. 44; *Rankin v. Underwood,* 9 Colo. App. 158, 47 Pac. 972.

The memoranda of Losey appear to have been made in the course of his employment by defendant, either at the time he received, or at the time he executed, his instructions. He interpreted them and testified in detail to all the transactions covered by them. The memoranda, standing by themselves, were generally meaningless. The following are fair samples of them: "335-23"—"Fraganzia"—"Helen Watkins, Hub Cafe"—"Did not sign statement"—"Whole two weeks." If erroneously admitted contrary to the general rule that error was certainly without prejudice. *D. & R. G. R. R. Co. v. Wright,* 64 Colo. 310, 315, 171 Pac. 499.

An exception, however, to this general rule is recognized when such memoranda "form part of a transaction which they tend to characterize and explain and thus become a part of the res gestae." 22 C. J. § 1091, p. 894.

Some of the testimony of Losey related to conduct and admissions of defendant bearing directly upon his guilt, the remainder tended to prove a conspiracy to manufacture evidence and suborn witnesses, which, if it existed, was itself evidence of guilt. These very memoranda, if made as the witness testified, were evidence of that conspiracy. There was no suggestion that Losey, in making them, was in collusion with the prosecution, and he could not have manufactured the memoranda for his own purposes after his apprehension because the evidence is uncontradicted that they were taken from him immediately upon his arrest. They were then clearly admissible as a part of the res gestae of the conspiracy which the people were presenting to the jury as a part of their proof of defendant's guilt.

3. Most of the evidence of preparation for the abortion, and the visit of Margaret Watkins to the office of defendant on the date in question for the purpose of its performance, was given by the witness Mrs. Kathrine Ferganchick and consisted principally of the recitation by the witness of statements made to her by deceased who lived with her. This evidence was clearly admissible under the rule laid down in *Solander v. People,* 2 Colo. 48, 63, approved and followed in *Johnson v. People, supra.*

4. The admission of evidence that defendant's license to practice medicine had been taken from him and not restored is said by his counsel to be an attack upon his character and prejudicial error because defendant had not put his character in issue. This evidence was offered generally and the only objection to it was that it was "incompetent, irrelevant and immaterial." Hence, if admissible for any purpose there was no error. If we are correct in our first conclusion under paragraph 1, supra, then this evidence was admissible to negative the statutory exceptions, being proof that defendant, if he performed the operation, could not have done so as "a physician or surgeon." Moreover, the very fact that one who keeps a physician's and surgeon's office, equipped with surgical instruments, especially instruments used in procuring abortions, and is visited by women seeking that service, has been a practicing physician and surgeon, but has been deprived of his license because of an illegal abortion, is, in the light of the established facts in the instant case, evidence tending to prove guilt. This office, these instruments, the Fetter abortion, the visit and purpose of deceased, all might be innocent of offense if relating to the conduct of one lawfully practicing medicine and surgery, but relating to the conduct of one lawfully prohibited therefrom they spell crime.

Briefly summed up the whole defense herein is that the people proved too much against one clearly guilty under the uncontested evidence; a defense, in any event, looked upon by courts with extreme disfavor.

The judgment is affirmed.

*On Rehearing.*

Per Curiam. The statement of the opinion that certain facts existed rests upon the verdict, amply supported, as we think, by the evidence. The statement of counsel's admission concerning the law as applied to the Fetter testimony was, we think, a reasonable conclusion from the language of the brief, but whether the inference was correct is immaterial. We are satisfied of the soundness of the general rule, and if the Fetter testimony did not come within an exception in this jurisdiction we think its admissibility presented no debatable question. Other portions of the petition are but a reargument of matter already presented. As to them we can only say that counsel's interpretation of record and authorities is not the interpretation of the court.

Though the petition for rehearing treats the judgment, as well as the opinion, as solely that of the writer, few cases have received more thorough consideration here. This cause was ably presented and carefully considered en banc on application for supersedeas. It was thoroughly re-examined on application for bail, rebriefed, orally argued before the full bench, and again reviewed by each of the justices, and every point in the opinion meets their unanimous approval. It is the opinion of the court. At no stage of the proceedings here have we suspected good ground for reversal. The high standing of defendant's counsel (who did not, however, appear below), whose contentions are always entitled to our serious consideration, the importance of the cause, and the novelty in this jurisdiction of one of the questions, alone account for the supersedeas. We have no shadow of doubt of the fairness of the trial, or the overwhelming proof of defendant's guilt.

The rehearing is denied.