## No. 11,308.

## LAMBERT v. THE PEOPLE.

Decided November 16, 1925.   Rehearing denied December 7, 1925.

Plaintiff in error was convicted of interfering with an irrigating ditch headgate.

*Affirmed.*

1.   CRIMINAL LAW—*Headgates—Information.*   Allegations of an information charging interference with a headgate reviewed and held sufficient.          .

2.   COURTS—*Statutes—Decisions.*   The announcement of a legal doctrine in a court decision which differs from a statute on the subject does not repeal the statute nor establish a precedent. Statutes rather than cases must be followed.

3.   CRIMINAL LAW — *Indictment — Information — Statutes.*   Statutory rules concerning indictments will be applied to informations.

4.   COURTS—*County Court—Jurisdiction—Headgates.*   The county court has general jurisdiction in cases of misdemeanor including the offense of interference with a headgate.

5.   CRIMINAL LAW—*Interference with Headgate—Jurisdiction.*   In a criminal prosecution for interference with a headgate, the contention that exclusive jurisdiction of the case was given to the district court, or by special statute to justices of the peace, overruled.

6.   *Courts—Jurisdiction—Headgates.*   Section 1752, C. L. '21, concerning adjudication of water rights, has no application to criminal prosecutions for interfering with headgates.

7.   *Interference with Headgates—Defense.*   In a prosecution for changing a headgate, the fact that some other person had previously interfered with it, gave defendant no right to interfere, unless possibly to restore it to the official setting.

8.   WATER RIGHTS—*Decrees—Criminal Law.*   The decrees of water priorities cannot be attacked in a criminal prosecution for interfering with headgates.

*Error to the County Court of Delta County, Hon. Frank M. Goddard, Judge.*

Mr. W. H. BURNETT, Mr. MILLARD FAIRLAMB, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

Plaintiff in error was convicted of interfering with a headgate and comes here on error. The first objection is that the information was insufficient. The statute, C. L. 1921, §1931, reads as follows: "Every person who shall wilfully and without authority open, close, change or interfere with any headgate of any ditch, or any water box or measuring device of any ditch for the receiving or delivery of water, after the headgate of the ditch has been adjusted by and is in the control of the water commissioner, or after such water box or measuring device has been adopted by the ditch officer in charge, shall be deemed guilty of a misdemeanor * * *."

The indictment charges "That Nap Lambert * * * on or about the 11th day of August, 1924, at and within the county and state aforesaid, then and there being, did then and there wilfully and without authority open, change and interfere with the headgate of the Daisy ditch from Happy Hollow, Delta County, Colorado, after the same had been adjusted by and in control of water commissioner Charles H. Luellen, when he, the said Nap Lambert, well knew that he had no right to open, change or interfere with said headgate or ditch, contrary, etc."

1. It is claimed that the information is indefinite, uncertain, vague and insufficient and the alleged insufficiencies are set forth in great detail.

We think it is sufficient and its brevity is to be commended. Whatever the decisions may be upon the subject, the matter is controlled in this state by statute. C. L. 7062 and 7068; *Campbell v. People,* 72 Colo. 213, 215, 210

Pac. 841. The jury could not have misunderstood this information, nor do the objections to it affect the real merits of the offense charged therein. If any cases in this court have announced a different doctrine they have overlooked these statutes, but that did not repeal them. We must follow the statutes rather than the cases. We apply to an information the rule provided for an indictment.

2. Had the county court jurisdiction? The county court has general jurisdiction in cases of misdemeanor. C. L. §5781. The offense of interference with a headgate is a misdemeanor; the answer, then, must be "yes." Plaintiff in error, however, seeks to avoid this in two ways: (1) That exclusive jurisdiction is given by special statute to the district court, and (2) that exclusive jurisdiction is given by special statute to justices of the peace. Ignoring their inconsistency we say both propositions are wrong. On the first, C. L. §1752, is relied on, which reads as follows: "For the purpose of hearing, adjudicating·and settling all questions concerning the priority of appropriation of water between ditch companies and other owners of ditches drawing water for irrigation purposes from the same stream or its tributaries within the same water district, and all other questions of law and questions of right growing out of or in any way involved or connected therewith. jurisdiction is hereby vested exclusively in the district court of the proper county;  *  *  *."

We do not see how a prosecution for interference with a headgate can be said to be or to raise a question of law or a question of right growing out of or in any way involved or connected with hearing, adjudicating or settling questions of priority of appropriation between owners of ditches. No adjudication of priority could determine the question of interference nor anything more than the relative right to divert, which bears no more relation to the offence in question than the title to personal property does to larceny. Neither can be determined in an action to try the other.

Upon the second proposition, C. L. §1923, is relied on

which is as follows: "Water commissioners shall, in the discharge of their duties, be invested with the powers of constables, and may arrest any person violating his orders relative to the opening or shutting down of headgates, or the using of water for irrigation purposes, and take such offender before the nearest justice of the peace, who may, if such offender be convicted, fine him * * *."

It is claimed that this is a special proceeding under the above, which is a special act and so supersedes the general act, i. e., §5781, supra, but it is intended to declare the powers of water commissioners, not to define the jurisdiction of courts.

C. L. §1932 provides; "Justices of the peace shall have jurisdiction to hear, try and determine actions brought for violations of this act, subject to the right of appeal as provided for in cases of assault and battery. (L. '01, p. 197, §2; R. S. '08, §3498)." But this does not give exclusive jurisdiction to the justice of the peace. *Langan v. People,* 32 Colo. 414, 76 Pac. 1048.

Complaint is made of some of the instructions given, but it is enough to say that we think in every case it is either ill-founded or without importance.

The defendant offered an instruction that "the alleged offense would not be committed if, at the time the defendant is alleged to have interfered with the headgate and spiked the same, the said headgate was not at such time set and adjusted by the water commissioner," thus raising the question whether it was a good defense that some one had interfered before the defendant. We think that the fact that some other person had interfered gave defendant no authority to interfere, unless possibly to restore the water commissioner's setting.

The decrees of water priorities cannot be attacked in such a case as this.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.