### No. 11,331.

### Whitfield, et al. *v.* The People.

Decided March 1, 1926. Rehearing denied March 22, 1926.

Plaintiffs in error were convicted of obtaining a check by false pretenses.

### *Affirmed.*

1. Appellate Practice—*Record.* Abstract of record should be folioed.

2. Criminal Law—*Information.* In a prosecution for obtaining a check by false pretenses, allegations of the information considered, and the contention that it is defective because it shows no causal connection between the false representations and the delivery of the check, overruled.

3.    *Information—Sufficiency.* An information will be deemed sufficient if it states the offense in language that can be easily understood; and no objection is tenable which does not go to the real merits of the offense charged.

4.    *False Pretenses.* To constitute the crime of false pretenses the victim must have relied upon the representations of the accused. One may be guilty of false statements made through another.

5.    *False Pretenses—Principal and Agent.* In a false pretense case, where a principal makes the false representations through an agent, the principal becomes the principal in the crime.

6.    *False Pretenses—Elements.* It is immaterial who gets the goods with which the victim of false pretenses is induced to part. The gist of the offense is the inducement to surrender the goods. The intention of the owner to part with his property is the vital point upon which the obtaining hinges and is to be determined.

7.    *Instructions—Accessories.* Instruction as to accessories in a false pretense case, held pertinent and proper.

8.    *False Pretenses—Evidence.* If persons are proved to be acting for a common purpose to defraud, then false representations in furtherance of the common aim by one, may be considered as evidence against the other, even though he was not present.

9.    *New Trial—Surprise.* In a false pretense case, the discharge of some of the defendants without objection on the part of the people, held not to be such surprise as to entitle the other defendants to a new trial.

10.   *Evidence—False Pretenses—Similar Transactions.* In a prosecution for false pretenses, evidence of similar fraudulent representations to various other persons, held competent when restricted to showing intent, purpose and knowledge on the part of the accused. The fact that such evidence is admitted in chief instead of rebuttal, if objectionable, is not ground for a reversal.

*Error to the District Court of Larimer County, Hon. Claude C. Coffin, Judge.*

Mr. G. Q. RICHMOND, Mr. JOEL E. STONE, Mr. GEORGE H. SHAW, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

WHITFIELD and Steele, with Brodrick and Starrett were jointly charged in the information with obtaining a check from one Bond by false pretenses. Whitfield and Steele were convicted. A verdict of acquittal was directed for Brodrick and Starrett.

The abstract has no folio marks or practically none. This is in violation of the rule and has greatly inconvenienced us.

The information charged that the four defendants knowingly, etc., did "pretend and represent to one C. H. Bond that the Continental Rubber Products Corporation was then and there the owner of that certain real property known as the R. R. Hall Cadillac Building * * * in Denver * * * together with the lots on which said building is located * * * in fee simple; that the said Continental Rubber Products Corporation had theretofore purchased said real property for the sum of $170,000, and had paid on the purchase price thereof $120,000 * * * ; that the capital stock of the said The Continental Rubber Products Corporation then and there being offered for sale by the said F. D. Brodrick, W. G. Whitfield, William Starrett and Paul W. Steele to the said C. H. Bond was unissued stock of the said The Continental Rubber Products Corporation, and was then and there being sold for the financial benefit of the said The Continental Rubber Products Corporation * * * which said false pretenses and representations were then and there made * * * with the design and for the purpose of inducing the said C. H. Bond to deliver them * * * a certain bank check in the sum of $250 * * * signed by the said C. H. Bond * * * with the intent then and there unlawfully and feloniously to cheat and defraud the said C. H.

Bond of the same, and the said C. H. Bond then and there believing said pretenses and representations to be true and relying thereon, and then and there being deceived, was then and there induced by reason thereof to deliver to them    *    *    *    the said bank check    *    *    *    and the said F. D. Brodrick, William Starrett and Paul D. Steele did then and there by means of the false and fraudulent pretenses and representations aforesaid, knowingly, designedly, unlawfully and feloniously obtain from the said C. H. Bond the said bank check with the intent him, the said C. H. Bond, then and there to cheat and defraud the same." Other representations were charged which we need not notice. All were shown to be false.

The errors charged are: (1) That the information is defective; (2) the evidence is insufficient to support the verdict, (a) because Bond believed and relied upon the representations of Brodrick and not those of Whitford or Steele, and, (b) the check is not shown to have been "obtained" by either Whitfield or Steele; (3) instructions Nos. 5 and 10 were erroneous; (4) surprise at Brodrick's testimony; (5) evidence of similar representations made to others was erroneously admitted. We think none of these claims is sound.

1. As to the first point: It is claimed that the information shows no causal connection between the false representations and the delivery of the check, because it does not show that Bond bought the stock offered for sale to him at the time the representations were made, but merely that he delivered the check. We think, however, that the causal connection is shown. How can it be otherwise, when the stock was then and there being offered for sale to Bond, and then and there being sold, and Bond was then and there deceived and then and there induced by reason of the representations to deliver the check, and they then and there by means of these representations obtained the check from him, with intent to cheat, etc? The causal connection is here made

clear. In *Shemwell v. The People,* 62 Colo. 146, 152, 161 Pac. 157, where the information showed the same alleged fault which is shown here, it was held good, and in *Knepper v. People,* 63 Colo. 396, 167 Pac. 779, the same so-called fault was discussed in the briefs and the information held good. The indictment in *Commonwealth v. Harley,* 7 Met. (Mass.) 462, seems to have been similar. We agree with the remarks of Mr. Justice Bailey (63 Colo. pp. 397 and 398, 167 Pac. 779). There is no possibility of mistaking the nature of the offense (C. L. § 7062); nor does the point "affect the real merits of the offense charged." C. L. § 7068; *Campbell v. People,* 72 Colo. 213, 210 Pac. 841; *Johnson v. People,* 72 Colo. 218, 210 Pac. 843; *McConnell v. People,* 73 Colo. 99, 213 Pac. 674; *Tracy v. People,* 65 Colo. 226, 176 Pac. 280; *People v. Apostolos,* 73 Colo. 71, 213 Pac. 331; *Lambert v. People,* 78 Colo. 313, 241 Pac. 533.

2. On the second point: It is said, (a) that the evidence is insufficient to convict Whitfield or Steele, because Bond testified that he relied only on what Brodrick represented to him, and not on the statements of Whitfield or Steele. It is elementary that to constitute the crime in question the victim must have relied on the representations of the accused, otherwise it could not be the false pretenses of the accused that obtained the money or goods; but one may be guilty of false statements made through another (*Commonwealth v. Harley, supra*), and in this case it is in evidence that Whitfield made to Brodrick all the false representations that Brodrick made to Bond, and made them to Bond also; that Brodrick made the representations in reliance upon what Whitfield had told him and believed he was telling the truth while Whitfield knew that the representations which Brodrick was making were false. If this was true Whitfield was the guilty source of the whole deceit. *Regina v. Moland,* 2 Moody C. C. 276; *Cowen v. People,* 14 Ill. 348; *Commonwealth v. Harley, supra;* 2 Wharton Cr. Law 7th Ed. § 2114; *People v. Adams,* 3

Denio (N. Y.), 190, 45 Am. Dec. 468. In *Valley Lands Co. v. Killean,* 76 Colo. 91, 230 Pac. 393, the same principle is applied to a somewhat similar situation in a civil case.

It may be noted here that if the agent is innocent, his principal becomes the principal in the crime. *People v. Adams, supra.*

(b) It is claimed, if we understand the argument correctly, that the check was not obtained by Whitfield or Steele, because it was given to Brodrick, payable to Brodrick and was endorsed by him to the company. It is immaterial who gets the goods with which the victim of false pretenses is induced to part. The gist of the offense is the inducement to surrender the goods. The intention of the owner to part with his property is the vital point upon which the obtaining hinges and is to be determined. There is no possible doubt of the intention of Bond to wholly part with his check and the money which it represented, and the obtaining of the check for the company was the same as if Whitfield and Steele had obtained it for themselves. 11 R. C. L. p. 843; Wharton Cr. Law (7th Ed.) § 2115. See also § 2142.

3. Instruction No. 5 is the usual instruction as to accessories. It is claimed to be erroneous because Whitfield and Steele, if they were accessories at all, were accessories to Brodrick as principal, Brodrick had been acquitted, and there can be no accessory without a principal. We think counsel have not considered the whole situation. When this instruction was given Brodrick and Starrett had been discharged, Whitfield and Steele alone remained. There was evidence tending to show that even if Steele had made no representations himself, as he claimed he had not, yet he knew and did enough about the matter to make him an accessory. The instruction was therefore pertinent regardless of Brodrick.

Instruction 10 was to the effect that if persons are proved to be acting for a common purpose to defraud, then false representations in furtherance of the common aim by one may be considered as evidence against the other, even though he was not present, but that unless the jury should find that there was such common purpose such evidence would not be competent against him. It is claimed that this was error because there was no evidence to support it, but there was such evidence as between Whitfield and Steele who were the only persons then before the court.

4. Brodrick, taking the stand in his own behalf, admitted that he made the alleged false statements, but said that he believed them to be true; that Whitfield had made them to him and to others in his presence and had thereby induced him and them to purchase stock and he had put all he had and all he could borrow into the purchase and was financially ruined. This was corroborated by other evidence. Starrett's testimony and position were somewhat similar. The court on motion of their counsel, not resisted by the people, directed a verdict for Brodrick and Starrett. Plaintiffs in error claim that all this was a surprise to them against which they could not guard and therefore they are entitled to a new trial.

We do not think so. The evidence was directly upon the issues, upon which the parties are supposed to be ready, and upon which the defendants introduced evidence, and was in fact all or nearly all cumulative, therefore any evidence to refute it would have been also cumulative. We do not find that the elements of surprise required for a new trial existed here. 29 Cyc. 866, 867. The fact that the district attorney consented to, or did not resist the motion to discharge Brodrick and Starrett, is not a matter of which the present plaintiffs in error can complain.

5. The court admitted the testimony of various persons to the effect that similar representations had been

made to them by one or more of the accused for the restricted purpose of showing knowledge, intent and motive. In the final instructions the words "intent, purpose and knowledge" were used. Such evidence has been admitted for such purpose for about a century. This case is a proper case for its use. The fact that it was admitted in chief instead of rebuttal, if objectionable, is not ground for reversal. *Goodfellow v. People,* 75 Colo. 243, 224 Pac. 1051; *Sheridan Oil Corp. v. Davidson,* 75 Colo. 584, 227 Pac. 553; *Max v. People,* 78 Colo. 178, 240 Pac. 697.

The judgment is affirmed.

MR. JUSTICE ADAMS not participating.