No. 25171

**The People of the State of Colorado v. Mildred Meyers**
(510 P.2d 430)

Decided May 29, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Robert L. Pitler, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Mildred Meyers, the defendant, was found guilty by a jury of dispensing a dangerous drug in violation of 1969 Perm. Supp., C.R.S. 1963, 48-8-2. On appeal, she urges reversal on three grounds. We find no merit to the defendant's contentions and therefore affirm the judgment of the trial court.

I.

■ The defendant argues that her conviction should be overturned because the information alleging the violation is fatally defective. The alleged defect in the information is its failure to negate the exceptions set forth in the statute. 1969 Perm. Supp., C.R.S. 1963, 48-8-2 in pertinent part makes it unlawful to dispense any dangerous drug unless it is dispensed by a pharmacist upon a prescription, or unless it is dispensed by a practitioner in the course of his practice. It is the defendant's contention that the information, in charging a violation of this statute, should allege that the defendant is not a pharmacist or a practitioner.

The information in this case charges that the defendant unlawfully and feloniously dispensed a dangerous drug, namely, L.S.D., a/k/a D-lysergic acid diethylamide to Charles F. Kiefer on November 19, 1969 in the County of El Paso, Colorado. This information clearly negates the existence of the exceptions set forth in the statute when it alleges that the defendant did unlawfully and feloniously dispense the dangerous drug in violation of the statute.

In similar situations involving statutes of this character, we have held that the burden is on the defendant to come forward with any exceptions, if applicable. *Johnson v. People,* 33 Colo. 224, 80 P. 133 (1905). *See* also *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970) and *People v. Apostolos,* 73 Colo. 71, 213 P. 331 (1923).

■ 1969 Perm. Supp., C.R.S. 1963, 48-8-3(8) specifically

states that any exemption set forth in this section is available as a "defense." Being a pharmacist or a practitioner as those terms are defined in this statute, are included within this section on exemptions.

## II.

The defendant also maintains that the trial court erred when it denied her motion for judgment of acquittal at the close of the prosecution's case. It is the defendant's theory that the exceptions described in Section I of this opinion must be negated by the prosecution's evidence. The trial court did not commit error in this respect. As stated previously, it is the defendant's burden to come forward with his showing that one of the exceptions is applicable as a matter of defense. The prosecution's evidence is not insufficient, as a matter of law, if it does not negate the exceptions.

## III.

The evidence reveals that the person to whom the defendant allegedly sold the dangerous drug was an undercover agent. On this basis, the defendant claims that since the undercover agent was a police officer, one of the provisions of law involving the dispensing of dangerous drugs exempts her from prosecution. The statutory provision in question is 1969 Perm. Supp., C.R.S. 1963, 48-8-3 which provides in pertinent part as follows:

"Exemptions. (1)(a) The provisions of subsections (2), (5), and (10) of section 48-8-2, as amended, shall not apply to the dispensing of dangerous drugs to the following persons or to the possession of such drugs by such persons, or to persons acting under the supervision of such persons, or to the agents, employees, or carriers of, or carriers delivering to, such persons, for use in the usual course of their business or practice, or in the performance of their official duties:

\* \* \*

"(e) Officers or employees of appropriate agencies of federal, state, or local governments, pursuant to their official duties;"

This is an ingenious argument; however, it must be pointed out that in *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973), it was adequately disposed of.

.

In *Lee,* we held that the foregoing statutory exemption was intended to be available only if the person dispensing the dangerous drug is in lawful possession of it and knows that he is dispensing it to a police officer in his official capacity. This was obviously the intent of the legislature when it used the terminology it did in the portion of the statute on exemptions quoted above. This exemption was designed to protect police officers from criminal liability when they transferred drugs in the course of their official duties. It was not intended to preclude convictions for sales made to undercover agents. If the defendant's argument was accepted, the legislative intent would be frustrated. A statute may not be construed in such a way as to defeat an obvious legislative intent.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.