Mary Estill Buchanan Colorado Secretary of State State Capitol Building Denver, Colorado 80203
Dear Mrs. Buchanan:
QUESTION PRESENTED AND CONCLUSION
This is in response to your question concerning whether corporations need to file disclosure statements under the Campaign Reform Act if they make any expenditures to support or oppose any candidate or issue.
 A corporation is a political committee for purposes of the Campaign Reform Act even though it makes contributions by itself.
ANALYSIS
C.R.S. 1973, 1-45-103(9) defines "person" to mean: "Any individual, partnership, committee, association, corporation, labor organization, or other organization or group of persons." C.R.S. 1973, 1-45-103(10) defines a political committee as follows:
 Any two or more persons who are elected, appointed, or chosen or who have associated themselves or cooperated for the purpose of accepting contributions or contributions in kind or making expenditures to support or oppose a candidate for public office at any election or seek to influence the passage or defeat of any issue.
Apparently your question stems from the fact that "political committee" is defined as "two or more persons." Read literally this could mean that a political committee exists only when there are two or more corporations, associations, or labor organizations who have associated themselves for covered purposes. This interpretation would render the definitional and reporting sections an absurdity. The proposed interpretation would limit the application of this Act to those situations in which two or more corporations associated for covered purposes. Thus an unlimited number of people could collect and spend an unlimited amount of money on an unlimited number of candidates and issues and avoid the reporting requirements of the Act. Two or more people would always be able to circumvent the disclosure provisions of the Act by forming a corporation.
It is basic hornbook law that in construing a statute legislative intent is to be ascertained and given effect. People v.Sneed, 183 Colo. 96, 514 P.2d 776 (1973). Similarly, statutes may not be construed in such a way as to defeat obvious legislative intent. People v. Mayers, 182 Colo. 21,510 P.2d 430 (1973). The legislative intent of the Campaign Reform Act is clearly set forth in 1-45-102:
 The general assembly hereby finds and declares that the interests of the people of this state can be better served through a more informed public; that the trust of the people is essential to representative government; and that public disclosure and regulation of certain campaign practices will serve to increase the people's confidence in their elected officials. Therefore, it is the purpose of this article to promote public confidence in government through a more informed electorate.
The proposed interpretation would clearly defeat the avowed legislative intent. A more reasonable interpretation, and one I am confident would be upheld under judicial scrutiny, is that a political committee exists if two or more persons are associated for covered purposes, regardless of the organizational or structural format.
I hope this answers your question.
SUMMARY
A corporation is a political committee for purposes of the Campaign Reform Act even though it makes contributions by itself.
FOR THE ATTORNEY GENERAL
 Harry N. MacLean First Asst. Attorney General General Legal Services
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
SECRETARY OF STATE ELECTIONS POLITICAL COMMITTEES
C.R.S. 1973, 1-45-103(9) and (10)
SECRETARY OF STATE DEPT. Elections, Div. of
A corporation is a political committee for purposes of the Campaign Reform Act even though it makes contributions by itself.