WILLIAM A. BECKER v. STATE OF NEBRASKA.

FILED APRIL 20, 1912. No. 17,448.

1. Continuance: DISCRETION OF COURT. It must necessarily be left to the sound discretion of the trial court to determine under all of

the circumstances of a particular case whether a continuance or delay of the trial is required in the interests of justice. The ruling of the trial court thereon will not be held prejudicially erroneous, unless an abuse of discretion is clearly shown.

2. ———: ———. The defendant, several months before the trial employed a firm of two attorneys for his defense, the junior of whom acted for him in the preliminary examination. At the time set for the trial the senior member of the firm, who was expected by both of the said attorneys to take charge of the defense, was engaged in the trial of a case in another court and so prevented from being present at this trial. The court appointed an experienced attorney to aid the junior counsel in the defense and refused a continuance or further delay of the trial. *Held* no abuse of discretion on the part of the trial court requiring a reversal of the judgment.

3. Criminal Law: RECEIVING STOLEN PROPERTY: EVIDENCE. In a trial for receiving stolen property, after evidence is received tending to prove that the property described in the information was stolen, at or about the time alleged, and that the defendant had received the same, it is competent to prove, as tending to show guilty knowledge, that a short time prior to that transaction the same person had stolen property of a similar character, which had been received by the defendant and afterwards sold by the thief, and that the defendant had also received and cashed a check which had been delivered to the thief in payment for the same.

4. ———: ———: ———. In such case, if the stolen property is sold by the thief, and a check payable to defendant is taken therefor, and the money paid to the defendant thereon, the check is competent in evidence as a part of the transaction tending to show knowledge on the part of the defendant that the property described in the information was stolen property when received by him.

5. ———: ———: ———. It is not reversible error to receive in evidence indorsements on a check, not identified or explained, when the check itself is properly received, and the indorsements are of such a character as in no way to affect the parties to the suit or the subject matter of the controversy.

6. ———: INSTRUCTIONS. The words in an instruction, "the fact that he (the defendant) has been contradicted by other witnesses, if he has," are not erroneous, as implying that he has in fact been so contradicted.

7. ———: ———: CONFESSIONS: QUESTION FOR JURY. It is not error to refuse an instruction containing the statement that "the law

does not favor confessions." When confessions of guilt by the defendant are properly admitted in evidence, it is generally for the jury to determine what force and effect shall be given such confessions under the circumstances of the case.

ERROR to the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Byron Clark* and *William A. Robertson,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant was convicted in the district court for Cass county of receiving stolen property. He has brought the case here upon petition in error, and urges three several objections against the regularity of the conviction.

1. The defendant was first arrested and had his preliminary examination in December, 1910. The information was filed in the district court on the 12th day of January, 1911. On the 10th day of June, 1911, the court being in session, he filed a motion for a continuance to the next term of court. This motion was overruled, and no serious complaint is made of this ruling. On the 12th day of June a motion was made to postpone the trial "until after the 17th day of June, 1911, for the reason that Byron Clark, attorney in charge of said case for defendant, was engaged in the trial of a cause in the federal court at Lincoln." From the affidavit filed in support of this motion it appears that the said Byron Clark and one William A. Robertson were partners in the practice of law, Mr. Clark residing in Lincoln and Mr. Robertson in Plattsmouth, and that this firm had been employed by the defendant at the time of the preliminary examination, and that it was expected by the members of the firm that Byron Clark would be present at the trial of the case and "have charge of said trial for the defendant." It

also appears that Mr. Robertson had acted as counsel for the defendant in the preliminary examination, and that prior to the filing of this motion Mr. Clark had not personally appeared in the matter. Upon this motion and showing the court appointed a member of the bar to assist Mr. Robertson in the trial of the cause, and overruled the motion for a continuance and set 'the cause for trial on the 16th day of June. Other matters are stated in the brief, but this is the substance of the proceedings as shown by the abstract.

Applications for continuance are addressed to the sound discretion of the trial court, and no abuse of discretion appears from this record. The case is within the principles announced by this court in *Cate v. State*, 80 Neb. 611, and *Ossenkop v. State*, 86 Neb. 539.

2. The next objection insisted upon in the brief appears to be that the court erred in allowing evidence of a former transaction of a similar nature to the one involved in this charge against the defendant. One Crawford had been convicted of stealing wheat, and was at the time of this trial serving a sentence in the penitentiary for that crime. He was called as a witness by the state, and testified as to the offense charged in the information against the defendant that he, Crawford, stole a load of wheat, the property of one Propst; that he took the stolen wheat to the premises of the defendant in the night time, and, with the knowledge of the defendant, the wheat was deposited in the defendant's bin preparatory to disposing of the same. This witness was then allowed to testify that shortly before this transaction, upon an understanding with the defendant, he had stolen another load of wheat and had taken it to the defendant's premises, using the defendant's team and wagon for that purpose, and had afterwards, pursuant. to an understanding with the defendant, sold the wheat, receiving a check therefor in the name of the defendant, and had delivered the check to the defendant to be cashed by him, and had afterwards received from the defendant one-half of the proceeds of the

check. This check was identified by the grain dealer who drew it and by the banker who cashed it, and it was testified by the banker that the check was presented by the defendant and the money for the same paid to the defendant. This check was then received in evidence.

It is contended that all of this evidence in regard to the theft of the first load of wheat was incompetent, and that the check itself was also incompetent. The court instructed the jury upon this point as follows: "You are instructed that the evidence offered by the state for the purpose of tending to show a prior stealing of wheat and the check for such wheat, purporting to be indorsed by the defendant, is admitted in evidence for the sole purpose of showing whether or not the defendant had guilty knowledge that the wheat described in the information was stolen. You will consider this evidence along with all the other evidence in the case in determining whether or not the defendant had knowledge that the wheat was stolen property." We think that the evidence objected to was properly received for the purpose stated in this instruction, and that the rights of the defendant were properly guarded by the court.

The check was offered in evidence "with all the printing, writing, stamps and indorsements thereon." It is objected that these indorsements were not sufficiently identified and proved. The indorsements, as shown by the abstract, were immaterial, except that of the name of the defendant, and the defendant, when upon the witness stand, admitted that he indorsed the check; therefore, if these indorsements were erroneously admitted in evidence it was without prejudice to the defendant.

3. The instruction given by the court as to the testimony of the defendant himself is complained of "for the reason that said instruction amounts to instructing the jury that the defendant had been contradicted by other witnesses." This objection is not well taken. "The fact that he has been contradicted by other witnesses, if he has," was the language used, and will not admit of such

construction. As no other objection is made to this instruction it is not thought necessary to discuss it further.

4. The defendant requested the court to give the jury an instruction containing these words: "The law does not favor confessions, and you must scrutinize all evidence of alleged confessions closely." The court refused to give this instruction, and it is now insisted that this was error. The weight that should be given by a jury to confessions of facts made by a defendant depends largely upon the circumstances under which such confessions are made, and it is not proper to tell the jury that the law does not favor confessions. When evidence is properly admitted tending to show confessions of guilt made by the defendant, it is for the jury to determine what force and weight should be given to such confessions. This offered instruction would invade the province of the jury and was rightly refused. *Dodge v. People,* 4 Neb. 220.

The judgment of the district court is

AFFIRMED.