JOHN M. RICE V. STATE OF NEBRASKA.

FILED JANUARY 23, 1931. No. 27390.

*L. R. Doyle,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This case is brought to this court on a writ of error to the district court for Lancaster county. The plaintiff in error, John M. Rice, will hereafter be called the defendant. He was tried and convicted before a jury upon the charge of attempting to procure an abortion, and was sentenced to a term of one year in the county jail of Lancaster county and to pay a fine of $500, the court directing that he might serve out both the fine and the costs in the county jail in addition to the sentence of one year.

1. This case first came before this court several months ago to require a bill of exceptions to be furnished at the cost of the county.

The defendant had filed an affidavit of poverty in accordance with section 1123, Comp. St. 1922, asking that the district court direct the reporter to furnish a bill of

exceptions at the expense of the county. Oral evidence was taken in the district court in support thereof and an order entered denying the request.

Upon an appeal to this court, briefs were filed and hearing had and the following order entered upon March 25, 1930: "It is by the court ordered that, while ordinarily the matter is in the discretion of the trial court, yet the evidence submitted as shown by the record is sufficient to require an order to furnish a bill of exceptions to the plaintiff in error at the expense of the county, and said motion is therefore sustained and the district court is ordered to direct the reporter to prepare bill of exceptions, same to be paid for by Lancaster county."

2. There are four propositions of law relied upon for a reversal: First, that the verdict is not sustained by sufficient evidence; second, that the court erred in allowing divers witnesses to testify to alleged similar offenses; third, that the court erred in failing to instruct the jury that evidence of similar offenses could only be considered for the specific purpose for which such evidence was admitted; and, fourth, the court erred in allowing the prosecution to materially change the information by amending it just a few moments before the trial began.

The facts in the case, as set out in the bill of exceptions of nearly 200 pages, show that the defendant in July, 1929, was conducting an office on the upper floor of the old Burlington building at Thirteenth and O streets, Lincoln, and that the sign upon his front window read, "Dr. Rice, Hair Specialist," and that the defendant in his testimony states that he was 74 years of age and was licensed as a barber and giving all kinds of hair and scalp treatments. The testimony discloses that Richard C. Wood, an attorney and investigator in the employ of the department of public welfare of the state of Nebraska, was assigned to an investigation of the defendant's business, and called to his assistance Harold W. Hulfish, a deputy sheriff, and also city detectives Towle and Davis. Observations were first made from a window in a bank building across the street, and later a position was secured in the attic directly above

the defendant's operating room, the plaster was removed, and a small flap made of the wallpaper about the size of a quarter, which flap when depressed would give them a clear view of defendant at work. He had a barber chair almost immediately below this point of observation. Later a dictograph was used, and this went to an adjoining room, and from the adjoining room a telephone was employed to telephone the detectives at the street entrance the description of the women who had visited his office and were to be followed to ascertain their names and addresses.

That from July 8, 1929, over a period of eleven days, ending on July 19 with the arrest of the defendant, a surveillance during each afternoon and evening was made of the defendant's office and the business that he conducted therein. Testimony was given concerning a large number of women who came there. Some came with a husband, others came with a sister or a female friend, and that in only one or two cases were scalp treatments or electric treatments given, but that in the greater number of cases the woman placed herself in the barber chair, which was tipped back, a small white cloth was placed over her body, and the defendant, after covering a metal instrument about twelve inches long with vaseline, inserted the same into the vagina of the woman, turning and twisting it, and that he was engaged in this particular act at the moment the officers forced in the door of his inner office and he was arrested. The defendant stepped back and the woman then in the chair removed the instrument from her body and it dropped to the floor and was introduced in evidence at the trial. In the amended information upon which the defendant was tried, he was charged with using the said instrument upon one Mrs. Lloyd Savery, a pregnant woman, with the intent thereby to procure the miscarriage of such woman, the same not being necessary to preserve her life and the act not having been advised by two physicians for the purpose of saving her life.

The testimony discloses that Mrs. Lloyd Savery was married March 28, 1929, and was 19 years of age; that they were in poor circumstances financially; and that upon discovering that she was pregnant she did not talk to any doctors about her condition, but went to see the defendant at the suggestion of a friend, and the defendant offered to produce an abortion upon her for the payment of $50, and that her husband paid him $25 in cash, and that, although the defendant had used the instrument upon her on at least three separate occasions, he did not produce an abortion upon her, and that in December, 1929, at the time of trial she testified that she was in good health and would probably be delivered of a child shortly.

This court finds on the first proposition of law relied upon for reversal that there is sufficient evidence, including the direct and circumstantial, upon which to sustain this conviction.

3. The second error relied upon by the defendant is that the court erred in allowing divers witnesses to testify to alleged similar offenses over the objections of the defendant, and cites the case of *Baxter v. State,* 91 Ohio St. 167, which holds: "Evidence of a vague and uncertain character offered for the purpose of proving that the defendant had been guilty of similar offenses should never be admitted under any pretense whatever." And defendant also cites the case of *State v. Willson,* 113 Or. 450, 39 A. L. R. 84, and *State v. Smith,* 103 Wash. 267, which held that it was permissible to show that the act charged was one of a series of similar acts for the purpose of establishing guilty intent, but that the state could not go beyond this and show the perpetration of other similar acts where there is no proof required to establish intent, motive or knowledge other than proof of the act charged. In *Baxter v. State, supra,* there was a conviction of embezzlement. The court held that, while evidence of other offenses of a similar character is competent to prove intent, the burden is upon the state to prove that the accused is guilty

of such other offenses by the same degree of proof required in all criminal cases.

The rule in Nebraska as laid down in the case of *Knights v. State,* 58 Neb. 225, reads: "Where a person is charged with the commission of a specific crime, testimony may be received of other similar acts, committed about the same time, for the purpose only of establishing the criminal intent of the accused." *Swogger v. State,* 115 Neb. 621; *Clark v. State,* 102 Neb. 728.

In 1 C. J. 328, it is held in a large number of cases cited that evidence that the accused has held himself out as willing and able to perform abortions is admissible to show intent where evidence has been introduced tending to establish the commission of the offense.

In this case direct evidence was introduced, over the objection of the defendant, of what had been seen through the peephole above the chair on which the defendant worked, and the trial judge in instruction No. 5 correctly instructed the jury, as follows: "The intent to thereby procure the miscarriage of a pregnant woman by the use of any instrument is one of the essential elements of the crime charged. The intent with which an act is done is a mental process, however, and, as such, is generally hidden within the mind where it is conceived, and is rarely susceptible of proof by direct evidence, but must be inferred by the words and acts of the party entertaining them and the facts and circumstances surrounding and attendant upon the act charged to be committed. All evidence of similar acts and conduct at or about the same time that this act is alleged to have been committed is to be considered by you only for the purpose of showing the intent of the accused in the particular act charged in the information, and for no other purpose."

4. The last assignment of error relied upon by the defendant is that the original complaint and the original information failed to negative the two exceptions set out in section 9548, Comp. St. 1922, now section 28-405, Comp. St. 1929, and that the defect was allowed to be corrected

by an amendment made at the moment the trial began, over the objection of defendant.

The original complaint has not been brought to this court in the record and it does not appear that a plea in abatement was filed to reach this alleged. defect.

An amendment was permitted by interlineation and the two negatives inserted in the information to the effect that the miscarriage attempted was not necessary to preserve her life nor had it been advised by two physicians to be necessary for that purpose.

In instruction No. 4 the court said that these exceptions must be proved before a verdict of guilty could be returned, yet, although these two exceptions must be excluded beyond a reasonable doubt, the requirements may be fully met by circumstantial evidence as well as by direct evidence.

The testimony of Mrs. Savery is that she did not talk to any doctors about her pregnancy and that her sole purpose in employing Rice was to be rid of her child. The jury saw this woman testify in December. She was in good health and in an advanced stage of pregnancy. Such facts clearly rebut the claim that the defendant's act was based on advice of two physicians or was to save her life. The evidence was sufficient to convict. See *Dixon v. State,* 46 Neb. 298; *State v. Montifoire,* 95 Vt. 508.

"The absence of necessity to save a woman's life may be shown by circumstantial evidence." 1 C. J. 330; *Howard v. People,* 185 Ill. 552.

The bill of exceptions does not disclose that defendant failed to be accorded a fair trial, and the verdict reached by the jury does not appear to be a verdict founded upon local feeling, passion, or prejudice. There was abundant evidence to prove the guilt of the defendant beyond a reasonable doubt. There were no errors of law which warrant a reversal, and the judgment of the district court is hereby

AFFIRMED.