OTTO DOERFFLER v. STATE OF NEBRASKA.

FILED OCTOBER 11, 1935. No. 29531.

*Glebe & Elliott,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a prosecution under the liquor laws. The plaintiff in error was convicted in the trial court of a violation of chapter 93, Laws 1933. The constitutionality of the act was challenged, but in *Allen v. State,* p. 722, *post,* argued before the court the same day, that question has been resolved in favor of its validity. The discussion in that case need not be repeated here.

The plaintiff in error operated a grocery store in a building occupied also by a bakery, a meat market, barber shop, and a lunch counter. City police officers of Scottsbluff searched the building and found nine pints of whisky in the space occupied by the lunch counter. It is claimed that the only evidence to support the charge is circumstantial evidence. The defendant did not request the trial court to so instruct the jury. In the absence of a request, failure to give instruction relative to weighing circumstantial evidence is not error. *Nunnenkamp v. State, ante,* p. 264; *Fetty v. State,* 121 Neb. 228.

Evidence was introduced as to a search made of defendant's home about a week after the time of the crime herein charged. It is a well-established rule in this jurisdiction that, "Except as to crimes having an element of motive, criminal intent, or guilty knowledge, evidence of separate and distinct offenses committed by accused is not admissible." *Swogger v. State,* 116 Neb. 563.

The evidence of another crime was within the exception because it related to motive and criminal intent. It occurred within a week of the crime charged and was not too remote as to time. *Goldsberry v. State,* 66 Neb. 312.

An examination of the record does not reveal any reversible error with respect to the assignments of error made by the plaintiff in error and argued in the brief.

AFFIRMED.