ROY HENRY V. STATE OF NEBRASKA.
286 N. W. 338
FILED JUNE 9, 1939. No. 30662.

*Charles H. Flansburg*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *Clarence S. Beck, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

The defendant was convicted of the crime of incest with his daughter, Fern Henry. From the verdict and judgment of the court imposing sentence, the defendant brings the case by error proceedings to this court.

The state was permitted to call one Hazel Jones as a witness, who testified that she expected to be delivered of an illegitimate child within a few days and that the defendant was the father of her unborn child. It appears from the record that the pregnant condition of this witness was obvious to the jury. The defendant contends that the ad-

mission of this evidence over objection was prejudicial error.

We are convinced that in prosecution for incest it is reversible error to receive evidence, over objection, of separate and distinct crimes committed by the accused against a female other than the prosecutrix. Except as to crimes having an element of motive, criminal intent, or guilty knowledge, evidence of separate and distinct crimes committed by the accused is not admissible. *Swogger v. State,* 116 Neb. 563, 218 N. W. 416; *Crawford v. State,* 116 Neb. 629, 218 N. W. 421; *Doerffler v. State,* 129 Neb. 720, 262 N. W. 678. Clearly, the elements of the crime of incest do not include motive, criminal intent, or guilty knowledge.

In *Leahy v. State,* 31 Neb. 566, 48 N. W. 390, the accused was cross-examined as to a similar attempted rape made by the accused on a girl other than the prosecutrix on the day following his alleged attack on the prosecutrix. This court in discussing the admissibility of this evidence said: "That this statement and the attending circumstances were of the most prejudicial character cannot be doubted. The second offense, if committed, was entirely disconnected with the first. The fact that Miss B. was summoned as a witness, by the state, and sitting in plain view in the courtroom, in connection with the statement of the assistant prosecuting attorney of what he intended to prove, or if we take the prosecuting attorney's statement, what they claimed they had a right to prove, brought before the jury a second offense of the same nature, although in a less degree than that with which the accused was then on trial."

In *Nickolizack v. State,* 75 Neb. 27, 105 N. W. 895, the defendant was tried on a charge of statutory rape. Evidence of a similar crime against a female other than the prosecutrix was admitted in evidence over objection. This court said: "On a trial of one charged with the crime of rape, evidence of an attempt of the accused to commit a similar crime on another person is inadmissible."

In *Abbott v. State,* 113 Neb. 524, 206 N. W. 153, this court said: "On the trial of one charged with the offense

of sodomy, it is error to permit a witness to testify that on an occasion, more than a year previous to the time charged, the defendant had asked her an improper or indecent question, where it appears that such question had no relation to the offense charged." See, also *Stagemeyer v. State,* 133 Neb. 9, 273 N. W. 824.

We think the trial court erred in permitting evidence of other crimes with persons other than the prosecutrix and that the error was prejudicial to the rights of the defendant.

REVERSED AND REMANDED.