THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
EDOARDO STURCHIO, PLAINTIFF IN ERROR.

Submitted May 4, 1943—Decided June 24, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the plaintiff in error, *Ferdinand D. Masucci* (*Samuel
I. Kessler,* of counsel).

For the defendant in error, *William A. Wachenfeld,* Prosecutor, *Donal C. Fox,* Assistant Prosecutor, and *C. William
Caruso,* Special Assistant Prosecutor.

The opinion of the court was delivered by

COLIE, J.   Edoardo Sturchio was convicted and sentenced
to eighteen months at hard labor upon the trial of an indictment charging him with having caused and procured the
miscarriage of one Geraldine Gauthier in contravention of
the statute, *R. S.* 2:105-1.

The matter comes before this court upon strict writ of
error, the assignments of error thereunder numbering thirty-
nine, and also under *R. S.* 2:195-16, the specification of
causes for reversal being identical with the assignments of
error.   Plaintiff in error has briefed but three points.   First,
that the state failed to prove beyond a reasonable doubt that
the pregnancy ceased as a result of the defendant's acts.
This point may not be raised on a review of a conviction
where the entire record is brought up.   The reviewing court

is not empowered to consider whether the state of the evidence left a reasonable doubt in the minds of the jury. *State* v. *Fischer,* 97 *N. J. L.* 34. Second, that the verdict is contrary to the greater weight of the evidence. To justify an appellate court in reversing a conviction upon this ground, it must be clear·that the verdict is the result of mistake, passion or prejudice. *State* v. *Grace,* 98 *Id.* 341. The evidence to support the charge named in the indictment was in sharp dispute on almost every point and, of course, the credibility to be accorded the witnesses was for the jury. There was plenary proof in the case from which the jury could find that Geraldine Gauthier was pregnant to the knowledge of the defendant, who, with intent to procure a miscarriage, used instruments upon her which terminated a pregnancy. Furthermore, Miss Gauthier, in the presence of two police officers of the Newark police department and the defendant, said: "That is Dr. Sturchio, the man who performed the abortion upon me," and the defendant, in the face of that charge, stood mute. A careful study of the record convinces us that the verdict was amply sustained by the evidence.

The third point argued by the plaintiff in error deals with testimony relative to the conversations and transactions between Dr. Sturchio and one Mae Faith Turchon. The plaintiff in error contends that the admission, over objection, of this evidence was error in that it tended to prove another and distinct crime from that for which the defendant was on trial. Assuming that the evidence was sufficient to permit the inference that the defendant had performed an abortion of the witness, nevertheless it was admissible. Where, as here, the element of intent is a necessary ingredient of the crime charged, evidence of the performance of abortions, whether prior or subsequent, tend to negative an innocent intent. 2 *Wigmore on Evidence,* § 359. *Cf.* 1 *C. J. S., p.* 336, § 28; 1 *Am. Jur. tit. "Abortion,"* § 42; *Clark* v. *People* (*Ill.*), 79 *N. E. Rep.* 941; *Commonwealth* v. *Blair,* 126 *Mass.* 40; *State* v. *Fay,* 127 *N. J. L.* 77.

Our examination of the case leads to a finding that the plaintiff in error suffered no manifest wrong or injury. The judgment of conviction is affirmed, with costs.