PHIL D. HERTZ, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

71 N. W. 2d 113

Filed June 24, 1955. No. 33759.

*Flansburg & Flansburg* and *E. Merle McDermott,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and KOKJER, District Judge.

YEAGER, J.

Phil D. Hertz was prosecuted in the district court for Hall County, Nebraska, by information in the name of the State of Nebraska charging that, having in his possession a false, forged, and counterfeited conditional sale contract for the payment of money, he knowingly, falsely, and feloniously published the same as true with the intent to prejudice, damage, and defraud. He was tried to a jury, found guilty, and sentenced to serve a term of from 3 to 5 years in the State Penitentiary.

He duly filed a motion for new trial which was overruled. He seeks a reversal of the order overruling the motion for new trial and the judgment and sentence by petition in error to this court. For convenience he will be hereinafter referred to as defendant and the State of Nebraska will be referred to as the State.

As grounds for reversal the defendant sets forth six separate assignments of error. The first four will be considered as one since basically the four are predicated upon the single proposition that the evidence was insufficient to sustain a verdict of guilt of the charge contained in the information.

In support of the charge against the defendant the State adduced evidence that he was engaged in Grand Island, Nebraska, in the sale and distribution of sewing machines. Sales were made by salesmen in Nebraska and adjoining states. Sales were usually made on conditional sales contracts. Two salesmen were Orville H. Hobson and Edward H. Dishman.

Hobson was called as a witness by the State. He testified that prior to the incident which is the basis of the prosecution he had a conversation or conversa-

tions with the defendant in which the defendant stated in substance that he was having certain temporary financial difficulties and talked over with him a plan to meet these difficulties. The details of the plan have not been testified to, but generally it appears that it involved the obtaining by the witness and another salesman of forged conditional sales contracts for the sale of machines which defendant could use for the purpose of obtaining money or credit.

The witness testified that pursuant to this plan he caused to be prepared a contract and caused to be signed thereto the name of a fictitious person and that he delivered the contract to the defendant. He testified further substantially that the defendant knew that the contract was not genuine.

Other testimony is that after the defendant received the contract he sold it to Jamson, Peterson, Mehring Company and received in payment for it $108. It is upon this contract that the prosecution herein is based.

This is a substantial résumé of all of the evidence in direct proof of the elements of the charge against the defendant except that by the testimony of Edward H. Dishman the testimony of Hobson was corroborated as to the plan devised for raising money or obtaining credit.

At the close of the State's case the defendant moved for a directed verdict which motion was overruled.

The question presented by the motion was that of whether the evidence had sufficient probative value to justify the submission of the defendant's guilt to a jury.

The rule is that the court will not direct a verdict of not guilty unless the evidence is so lacking in probative force that the court may say as a matter of law that it is insufficient to support a finding of guilt. Kitts v. State, 153 Neb. 784, 46 N. W. 2d 158; Phillips v. State, 154 Neb. 790, 49 N. W. 2d 698; Spreitzer v. State, 155 Neb. 70, 50 N. W. 2d 516; Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761.

The evidence was positive and unequivocal that the defendant was the promoter of the scheme hereinbefore described. The evidence was further positive that he knowingly received the fictitious instrument described. And the evidence was also positive that he knowingly used the instrument to obtain money. There was nothing which could justify the court in saying as a matter of law that the evidence was insufficient to sustain a finding of guilty. The motion for a directed verdict at the close of the State's evidence was properly overruled.

After this motion was ruled upon, the defendant adduced his evidence, after which his motion for directed verdict was renewed. In his evidence he denied generally and specifically the charges made against him. There was nothing however in that evidence to do anything more than present a case of conflicting evidence.

It is not the province of the district court to resolve conflicts in evidence in a criminal action or to pass upon the credibility of witnesses. These are matters for a jury. Spreitzer v. State, *supra;* Vanderheiden v. State, *supra.* This motion was properly overruled. This effectually disposes of the first four assignments of error.

Accordingly it must be said that the verdict of the jury should be sustained unless, as the defendant contends, there were other errors prejudicial to the defendant requiring a reversal.

By the fifth assignment of error the defendant charges that the court erred in admitting evidence of other alleged separate and distinct similar offenses of the defendant.

In determining whether or not evidence of other similar acts is admissible, one rule is that it must amount to proof of other similar criminal offenses. Davis v. State, 58 Neb. 465, 78 N. W. 930; Swogger v. State, 116 Neb. 563, 218 N. W. 416; Foreman v. State, 127 Neb. 824, 257 N. W. 237; Doerffler v. State, 129 Neb. 720, 262 N. W. 678; Henry v. State, 136 Neb. 454, 286 N. W. 338.

Another rule is that such evidence is admissible only

for the purpose of showing motive, criminal intent, or guilty knowledge. Davis v. State, *supra;* Becker v. State, 91 Neb. 352, 136 N. W. 17; St. Clair v. State, 103 Neb. 125, 169 N. W. 554; Taylor v. State, 114 Neb. 257, 207 N. W. 207; Rice v. State, 120 Neb. 641, 234 N. W. 566; Jurgensen v. State, 135 Neb. 537, 283 N. W. 228.

The evidence admitted in this case of which complaint is made related to 10 conditional sales contracts other than the one on which the prosecution is based.

All that can be said of them is that they were marked for identification and a representative of the firm of Jamson, Peterson, Mehring Company testified that he received them in the ordinary course of business. He did not testify that he received them from the defendant. In truth he gave no information at all as to the source from which they came.

This was followed by testimony of Hobson the effect of which was to say that he delivered five of them to the defendant and that they were fictitious, and testimony of Dishman the effect of which was that he delivered five and that likewise they were fictitious.

There is no evidence whatever that the defendant uttered them.

In this light and under the rules cited it cannot well be said that this evidence amounted to proof of other similar offenses. This evidence, introduced as it was, was clearly without foundation and inadmissible. It cannot be doubted that this evidence was prejudicial.

The sixth assignment of error is an attack upon the substance of instruction No. 10. For the purpose of this review, determination upon this assignment is of no significance. However in order to avoid repetition of possible error on a new trial, in view of the indication that a new trial will be necessary, it appears that it should be considered.

By this instruction the jury was told that evidence tending to show the commission of other similar offenses is proper to be considered for the purpose of throwing

light upon the question of the guilt or innocence of the defendant of the charge contained in the information. The limitations upon the admissibility of evidence of other similar offenses in a criminal prosecution were not set out in this or any other instruction.

Thus, as has been indicated, the instructions contained no proper statement as to the admissibility of evidence of other similar offenses. The instruction was therefore prejudicially defective.

For the reasons herein stated the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.